**Gerald D. KROPP, Petitioner,**

v.

**B.F. GOODRICH, Own Risk, and the Workers' Compensation Court, Respondents.**

**No. 71990.**

Supreme Court of Oklahoma.

March 24, 1992.

Richard A. Bell, Norman, for petitioner.

Wallace, Owens, Landers, Gee, Morrow, Wilson, Watson, James & Coiner by W. Neil Wilson, Miami, for respondents.

HODGES, Vice Chief Justice.

The issue in this workers' compensation action is whether there was any competent evidence to support the Workers' Compensation Court's order denying benefits. We find that there was.

This is a respiratory impairment case. The respondent introduced the medical report of Dr. Robert Mahaffey. Dr. Mahaffey found that there was no impairment. The spirometry tests on which Dr. Mahaffey based his report were within the 95% confidence interval. The claimant gave Dr. Mahaffey a history that he could climb two flights of stairs before slowing down and that there was no limit to the distance he could walk on a level surface. The claimant stated that he could keep up with people his own age. He stated that he did not play backyard football because of shortness of breath. Dr. Mahaffey stated that the claimant's "history of being able to

keep up with people his own age and walking as far as he wants is consistent with this exam."

The claimant objected on the basis that the report did not comply with the American Medical Association's 1984 *Guide to the Evaluation of Permanent Impairment* in that the doctor did not give a $D_{co}$ test. The Court of Appeals affirmed the trial tribunal's denial of compensation, holding that the respondent's medical report was not incompetent for failure to give the $D_{co}$ test. This Court granted certiorari.

This case is controlled by *Orrell v. B.F. Goodrich*, 787 P.2d 848 (Okla.1990). In *Orrell*, the claimant argued that the $D_{co}$ test was required because his complaints were of greater severity than the spirometry test indicated. The respondent's doctor found that the history of dyspnea was consistent with the spirometry test results. This Court held whether the complaints are of greater severity than the spirometry results are within the "area of medical discretion which a court should not normally delve into." This Court also held that a $D_{co}$ test was not always required before a claimant could be rated at zero impairment.

Then in *Davis v. B.F. Goodrich*, 826 P.2d 587 (1992), this Court reaffirmed *Orrell*. In *Davis*, this Court stated:

> Step II of the physiologic evaluation is the $D_{co}$ test. Even though the Step I results are within the normal range, if the patient's respiratory complaints are inconsistent with that range, then the $D_{co}$ test must be given. It is within the physician's medical expertise to determine if the complaints are inconsistent with the spirometry results. The 1984 Guide does not require the $D_{co}$ test as a prerequisite to a zero impairment rating in all circumstances.

In the present case, the spirometry tests were within the 95% confidence interval. The results of the spirometry test allowed for a rating of zero impairment. The medical expert found that the claimant's complaints were consistent with the results of the spirometry test. Therefore, the medical report was competent evidence on which the trial court could find that the petitioner was not entitled to compensation.

The facts in the case at bar are almost identical to the facts in *Orrell*. The Workers' Compensation Court and the Court of Appeals were correct.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; WORKERS' COMPENSATION COURT SUSTAINED.

OPALA, C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE and SUMMERS, JJ., concur.

KAUGER, J., concurs by reason of stare decisis.

ALMA WILSON, J., dissents.